UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

C.A. No.: 04 11917 WGY

| | |
|---|---|
| WILLIAM ROWE<br>Plaintiff,<br><br>v.<br><br>SHARRON WENDY VALLIER<br>Defendant. | )<br>)<br>)<br>)<br>) MAGISTRATE JUDGE Bowler<br>)<br>)<br>) |

RECEIPT # 58394
AMOUNT $150
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK
DATE 9/2/04

## COMPLAINT

### PARTIES

1. The Plaintiff, William Rowe, has a principal place of residence located at 110 Orange Street, Nantucket, Nantucket County, and Massachusetts.

2. The Defendant, Wendy Valier, has a principal place of residence located at 237 Maple Street, Stowe, Vermont.

### JURISDICTION

Jurisdiction over this matter is based on diversity of citizenship of the parties and an amount in dispute in excess of $100,000.00

### FACTS

3. The Plaintiff (hereinafter, Rowe) and Defendant (hereinafter, Valier) were involved in a twelve-year common-law relationship.

4. During the period from 1991 to April 2003 the Plaintiff and the Defendant cohabitated together in Nantucket, MA and Stowe, Vermont.

5. At the time of the parties meeting, Valliere was in the midst of a divorce and Rowe was the owner of a woodworking shop in Nantucket.

6. The parties first cohabitated together at a home in Nantucket owned by Valliere's ex-husband.

1

7. The parties subsequently moved into an apartment located above Rowe's woodworking shop.

8. During this period Rowe supported Valliere and paid the rent and utilities on the apartment.

9. At the time, Valliere was running a gift shop attached to Rowe's woodworking shop on Nantucket and she was without sufficient income to be self-supporting.

10. Rowe is a highly skilled woodworker and craftsman who has done work for numerous high-end clients on Nantucket.

11. Through Rowe's business contacts and his funneling of clients to Valliere, Valliere was able to grow her business as an interior decorator.

12. Through Rowe's contacts, Valliere eventually retained several high-end clients including, Dennis Kozlowski, of Tyco.

13. Rowe continued to help foster the growth of Valliere's business and performed the bookkeeping for Valliere on a regular basis.

14. During the course of their relationship Rowe and Valliere entered into several joint enterprises involving the purchase of property in Nantucket, Massachusetts, Stowe, Vermont and a fishing boat known as "Witchcraft." The transactions are as follows:

**NANTUCKET PROPERTIES:**

15. After being supported by Rowe for more than a year in his apartment located above his woodshop, Valliere and Rowe began looking for a home.

16. In 1994, 48 Hummock Road, Nantucket was purchased. The purchase price was $225,000.00.

17. At the time the Hummock Road house was purchased, Valliere had no money and the down payment was provided by her ex-husband.

18. The house was originally purchased in the name of Valliere's ex-husband due to their pending separation and other legal problems Valliere had at the time, including an indictment for insurance and mail fraud.

19. In November 1994, the Hummock Road house was transferred to Valliere's name.

20. At the time the house was purchased, it needed substantial renovation and improvement.

21. Rowe performed many of the improvements through his own labor and efforts and invested his own monies in restoring the house. As this was a joint enterprise, Rowe's compensation for his efforts was deferred when the house was sold and the money reinvested.

22. During the period Rowe and Valliere lived at 48 Hummock Rd., Rowe paid the mortgage and utilities. Rowe deferred any reimbursement from Valliere.

23. 48 Hummock Rd. was eventually sold for $692,500.00 in 2000 and the proceeds from the sale were used to purchase 24 York Street, Nantucket, MA

24. In June 2000, 24 York Street, Nantucket was purchased in Valliere's name with the intention that she and Rowe would improve the home. The house was purchased for $795,000.00.

25. Rowe performed a substantial amount of work and invested his own money in improving the home located at 24 York Street, Nantucket. Once again Rowe deferred any compensation for his work as the parties had a shared interest in the equity in the home.

26. Following the break-up of the parties common law relationship, Valliere sold the property located at 24 York Street for $1,000,000.00 in November, 2003. Rowe did not receive any of the proceeds from this sale.

**STOWE PROPERTIES:**

27. In June 1999, 978 Stowe Hollow Rd, was purchased for $98,500.00. It was deeded to both Rowe and Valliere.

26. Rowe invested a great deal of time and effort into structuring the purchase and then improving the home through his efforts. Rowe's compensation for his efforts was again deferred as an investment in the property to which they both had an interest.

27. In April 2003, Rowe and Valliere ended their common law relationship.

28. In June 2003, 978 Stowe Hollow Rd. was sold for $225,000.00

29. Immediately prior to the sale of 978 Stowe Hollow Rd., Valliere insisted that Rowe sign over his interest in the property.

30. In consideration for Rowe signing over his interest in the property located at 978 Stowe Hollow Rd., Valliere made an oral agreement with Rowe that she would allow him to keep the boat known as the "Witchcraft."

31. The proceeds from the sale of 978 Stowe Hollow Rd. were used to purchase a second home in Stowe located at 237 Maple Street for $500,000.00.

32. 237 Maple Street was purchased in Valliere's name alone.

33. Rowe received none of the proceeds from the sale of 978 Stowe Hollow Rd.

### "WITCHCRAFT" FISHING BOAT:

34. In 2002 the parties purchased a 33' foot custom Fortier fishing boat called the "Witchcraft."

35. The boat was paid for with funds contributed by both Rowe and Valliere.

36. After the parties ended their relationship in April 2003, Rowe assumed all financial obligations for the "Witchcraft."

37. Valliere has not contributed financially to the upkeep and maintenance of the "Witchcraft" since April 2003.

38. As noted above, when Rowe deeded his interest in 978 Stowe Hollow Rd. to Valliere he did so with the agreement that full ownership of the "Witchcraft" was his alone.

39. Valliere now seeks to force the sale of the "Witchcraft" in direct contravention of her prior agreement.

### COUNT I
### QUANTUM MERUIT

40. The Plaintiff incorporates the statements set forth in paragraphs 1-39 as if specifically set forth herein.

41. Rowe performed substantial work and expended monies in the maintenance and enhancement of the properties located at 48 Hummock Rd., Nantucket, 24 York Street, Nantucket, and 978 Stowe Hollow Rd.

42. The work performed benefited Valliere.

43. Rowe has not been compensated for the work he performed or for the increase in value of the properties that resulted from his efforts.

4

44. As result of Valliere's failure to compensate Rowe, Valliere has been unjustly enriched to the detriment of Rowe.

WHEREFORE, the Plaintiff in Counterclaim, Rowe, respectfully requests that this honorable court enter judgment against the Defendant together with interest, costs and attorney fees.

## COUNT II
## FRAUD IN THE INDUCEMENT

45. The statements set forth in paragraph 1-44 are incorporated as if specifically set forth herein.

46. Valliere induced Rowe to deed his interest in 978 Stowe Hollow Rd. to her, with the promise that he would receive full ownership of the Witchcraft.

47. At all times Valliere knew that she would not grant Rowe full ownership of the Witchcraft.

48. Valliere intended that Rowe rely on this promise to his detriment.

49. Rowe did in fact rely on Valliere's promise to his detriment.

50. As a direct and proximate cause of the fraud perpetrated by Valliere, Rowe was caused to release his interest in 978 Stowe Hollow Rd. without consideration.

WHEREFORE, the Plaintiff-in-Counterclaim requests that judgment enter against the Defendant-in counterclaim, together with interest and costs.

## COUNT III
## BREACH OF CONTRACT
## ROWE v. VALLIERE

51. The Plaintiff incorporates the facts set forth in paragraphs 1-50 as if specifically set forth herein.

52. At the time of the sale of 978 Stowe Hollow Rd., Stowe, Vermont, Rowe and Valliere entered into a verbal contract whereby Valliere agreed that Rowe would retain ownership of the Witchcraft in consideration for Rowe signing over his interest in 978 Stowe Hollow Rd.

5

53. Valliere breached this contract on July 29, 2004 when she initiated measures to attempt to force the sale of the Witchcraft.

54. As a result of Valliere's breach, Rowe has suffered damages including, lost income, lost opportunity costs, emotional distress and incurred attorney fees.

WHEREFORE, the Plaintiff demands judgment against the Defendant together with interest costs and attorney fees.

### COUNT IV
### PALIMONY/EQUITABLE DIVISION OF ASSETS
### ROWE v. VALLIERE

55. The Plaintiff incorporates the statements set forth in paragraphs 1-54 as if specifically set forth herein.

56. Rowe provided support and maintenance to Valliere and through his efforts furthered her career during the period of time in which they cohabitated together in a common law relationship.

57. As a result of Rowe's efforts, Valliere was able to amass significant assets.

58. Rowe is entitled to an equitable division of the assets, which Valliere obtained through Rowe's efforts on her behalf.

Wherefore, the Plaintiff requests that this honorable Court enter an order for the division of assets, which Valliere obtained as a result of Rowe's efforts.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL COUNTS**

                                        Respectfully Submitted
                                        By his Attorney,

                                        */s/ Paul A. Gargano*
                                        Paul A. Gargano
                                        BBO# 185560
                                        Sean M. Beagan
                                        BBO# 644929
                                        Gargano & Associates
                                        4 Canal Park
                                        Cambridge, MA 02141
9/1/04                                617-621-1100

**DISTRICT OF MASSACHUSETTS**

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) William Rowe v. Sharron Wendy Valliere

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   — I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   — II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.
   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   X III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   — IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   — V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).
   _____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?   YES ☐   NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC 2403)   YES ☐   NO ☒
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?   YES ☐   NO ☐

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284?   YES ☐   NO ☒

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)).   YES ☐   NO ☒
   OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)).   YES ☐   NO ☐

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT?   YES ☐   NO ☒
   (a) IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? Eastern

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? N/A

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE N/A
    CENTRAL SECTION: YES ☐  NO ☐    OR WESTERN SECTION; YES ☐  NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Paul Gargano
ADDRESS  4 Canal Park, Cambridge, MA 02141
TELEPHONE NO.  617-621-1100

(Categfrm.rev - 3/97)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
William Rowe

### DEFENDANTS
Sharron Wendy Valliere

(b) County of Residence of First Listed Plaintiff: Nantucket, MA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed: Stowe, VT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Paul Gargano BBO# 185560
Gargano & Assoc.
4 Canal Park, Cambridge, MA 02141

Attorneys (If Known)
Carol Witt BBO# 531820
125 Washington St., Suite 201
Salem, MA 01970

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PLF | DEF | | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury—Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☒ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | Habeas Corpus: | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | |
| ☐ 290 All Other Real Property | | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS |
| | | ☐ 540 Mandamus & Other | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 950 Constitutionality of State Statutes |
| | | ☐ 555 Prison Condition | | ☐ 871 IRS—Third Party 26 USC 7609 |
| | | | | ☐ 890 Other Statutory Actions |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE
SIGNATURE OF ATTORNEY OF RECORD
Paul Gargano

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUN _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____