UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

CIVIL ACTION #04 11917 WGY

WILLIAM ROWE,
          PLAINTIFF

v.

SHARRON WENDY VALLIERE,
          DEFENDANT

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND FOR COSTS

NOW COMES Defendant, Sharron Wendy Valliere, in the above-captioned matter and respectfully moves this Honorable Court pursuant to Fed. R. Civ. P. 12 (b)(1) to dismiss the Plaintiff's Complaint for lack of subject matter jurisdiction based on the absence of diversity of citizenship, and award fees and costs pursuant to 28 U.S.C. § 1919 (2004).

IN SUPPORT OF HER MOTION, the Defendant says that:

1. The Defendant in the above-entitled matter maintains residences at 237 Maple Street, Stowe, Vermont, and at 8 Cynthia Avenue, Nantucket, Nantucket County, Massachusetts. The Plaintiff resides at 110 Orange Street, Nantucket, Nantucket County, Massachusetts.

2. On August 12, 2004, the Defendant filed a Verified Complaint in Equity with the Nantucket Probate & Family Court, seeking specific performance of a partnership agreement dated June 21, 2002 between the Plaintiff and Defendant in this action. A

copy of the Verified Complaint, Nantucket Probate & Family Court Docket No. 04E 0002-GC, is attached hereto as *Exhibit A* and incorporated by reference.

3. On August 19, 2004, Randy Kaplan, Associate Justice of the Probate & Family Court entered the Order that is attached as *Exhibit B* restraining the Defendant from selling, assigning, transferring, encumbering or alienating the partnership assets of The Witchcraft Partnership, including but not limited to the 33' Fortier sport fishing boat.

4. On September 2, 2004, the Plaintiff filed the within action in the Federal District Court for the District of Massachusetts alleging diversity of citizenship as a basis for jurisdiction. Service of the summons in this case was made in hand to the Defendant in Nantucket, Massachusetts, on September 17, 2004.

5. The causes of action alleged by the Plaintiff in his complaint have a remedy under state law. The within action was filed with full knowledge that the Defendant is subject to personal jurisdiction in Massachusetts both based on residency, her continued business activities in the Commonwealth and the fact that Plaintiff's alleged causes of action arise from a period of cohabitation by the parties that occurred in Massachusetts.

6. The Plaintiff has brought this suit solely for the purpose of harassing the Defendant and causing her expense.

7. The substance of the claims alleged by the Plaintiff in his complaint is highly questionable in that palimony and equitable division of assets after cohabitation are not actionable in Massachusetts where the cohabitation occurred.

8. As to the counts for breach of contract and quantum meruit, the Plaintiff has state court remedies available.

9. As a result of the Plaintiff's filing this complaint, the Defendant has incurred legal fees and costs in the amount of $1,860.00 as more fully described in counsel's affidavit filed herewith.

WHEREFORE, the Defendant requests that the Plaintiff's complaint be dismissed and for attorney's fees and costs to be assessed against the Plaintiff for this frivolous filing.

Dated: September 22, 2004

Respectfully submitted,
Sharron Wendy Valliere,
By her Attorney,

*/s/ Carol A. Witt*

Carol A. Witt
Attorney for Defendant
125 Washington Street, Suite 201
Salem, Massachusetts 01970
BBO# 531820
Phone: 978-740-9900
Fax: 978-740-9901

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for the Plaintiff by mail, postage prepaid, on September 22, 2004.

*/s/ Carol A. Witt*

Carol A. Witt

EXHIBIT A

# COMMONWEALTH OF MASSACHUSETTS

NANTUCKET, ss.                                          PROBATE & FAMILY COURT

EQUITY ACTION NO.: 

SHARRON WENDY VALLIERE,

    Plaintiff

                                  VERIFIED COMPLAINT IN EQUITY

v.

WILLIAM T. ROWE,
    Defendant

## JURISDICTION

This action is commenced under the general equity jurisdiction of the Court as provided in M.G.L.A. c. 215, § 6.

## PARTIES

1. The Plaintiff, Sharron Wendy Valliere resides at 237 Maple Street, Stowe, Vermont.

2. The Defendant, William T. Rowe resides at 110 Orange Street, Nantucket, Nantucket County, Massachusetts.

## COUNT I
## SPECIFIC PERFORMANCE

3. On June 21, 2002, the Plaintiff and Defendant executed Articles of Agreement forming a partnership under the trade name and style of "The Witchcraft Partnership".

4. The partnership was established for the purpose of constructing and buying a 33' Fortier sport fishing boat (#FDF33067D102TAN).

5. In furtherance of said partnership the Plaintiff made cash payments in the approximate amount of $108,000 directly to the Defendant and to the boat yard constructing the boat, and in addition thereto provided custom upholstery, fabric and other capital

improvements to the boat both during and after construction, and paid excise taxes and insurance on the vessel.

6. The 33' Fortier sport fishing boat was under construction for approximately three years during which time its value increased. At the time construction on the boat was completed the agreed fair market value of the boat was $325,507.72 and the plaintiff and defendant each owned 50% under the terms of the partnership agreement.

7. Because the Defendant personally borrowed his share of the capital contribution for the boat's purchase and in order for the mortgage to be in his individual name, the title had to be in his individual name.

8. The Articles of Agreement ensured that the Plaintiff's 50% interest in the boat was protected despite the title being in the Defendant's individual name. The Plaintiff at all times was an equal partner with the Defendant in the partnership and its property, namely the 33' Fortier sport fishing boat.

9. At the time the partnership agreement was made the parties were cohabiting. They ceased cohabiting in April 2003.

10. Since April 2003, the Plaintiff has attempted to resolve the issue of reimbursement for her contribution to the partnership directly with the Defendant, who promised on numerous occasions that he was in the process of obtaining a new partner for the boat or refinancing to satisfy her interest.

11. Since the parties' separation, the Defendant has had the exclusive use of the boat, Witchcraft, and has made no accountings to the Plaintiff under the terms of the partnership agreement.

12. On July 29, 2004, the Plaintiff sent the Defendant certified mail notice as required by the partnership agreement of her desire to formally terminate the partnership and sell Witchcraft.

13. The partnership agreement provides that either party may purchase the other's interest in the boat within ninety (90) days based upon an appraised value being established.

14. The Defendant through his attorney and in response to the certified mail notice has denied a valid partnership agreement exists and claims that an oral agreement of the parties terminated the Articles of Agreement dated June 21, 2002. The Plaintiff denies the existence of an oral agreement to terminate her interest in the partnership.

15. The partnership agreement requires that it "shall not be modified except in writing signed by all of the parties hereto."

16. The Plaintiff's 50% interest in boat Witchcraft has a value between $125,000 and $150,000 which is to be established by appraisal in the event the Defendant wishes to exercise his right to purchase, or by the market upon sale to a third party.

17. The Plaintiff seeks specific performance of the terms of the Articles of Agreement dated

June 21, 2002, including a termination of the partnership by sale of the boat Witchcraft and distribution of the sale proceeds in keeping with the parties' respective interests.

18. The Articles of Agreement dated June 21, 2002, provide that "any controversy or claim arising out of or relating to the partnership herein created, or to this Agreement or the breach thereof, shall be settled by mediation or binding arbitration in accordance with the rules of the American Arbitration Association."

19. The Plaintiff further seeks payment in full of any encumbrance on the boat from the Defendant's share of the net proceeds, as the mortgage represents his individual capital contribution to the acquisition of the partnership asset.

20. The Defendant has the exclusive use and control of the Witchcraft and due to the title being in his name is able to sell, assign, encumber or convey it without the Plaintiff's knowledge.

21. There is a reasonable likelihood that if he is given notice of the filing of this action that the Defendant will hide, secrete or otherwise impair the value of the partnership asset and that the Plaintiff will suffer irreparable harm as a result.

## COUNT II
## BREACH OF FIDUCIARY DUTY

22. The Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 18 of her Verified Complaint in Equity.

23. The Plaintiff relied upon the Defendant to deal with her fairly in the management of the partnership assets. The Plaintiff contends that the Defendant stood in a fiduciary capacity in his dealings with her, and that he breached that duty in engaging in a course of action that was intended to deprive her of the use and value of partnership assets.

## COUNT III
## CONSTRUCTIVE TRUST

24. The Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 18 of her Verified Complaint in Equity.

25. The Defendant holds title to the 33' sport fishing boat, Witchcraft, in constructive trust for The Witchcraft Partnership under the Articles of Agreement dated June 21, 2002.

23. In the event that the Articles of Agreement dated June 21, 2002, are found not to be a valid contract, the Defendant holds the 33' sport fishing boat, Witchcraft, in constructive trust subject to a 50% interest of the Plaintiff.

26. The Defendant is under an equitable duty to convey the boat to the partnership and would

be unjustly enriched if he were permitted to retain it.

WHEREFORE, the Plaintiff seeks the following relief:

27. That the court enter an ex parte temporary restraining order prohibiting and restraining the Defendant from selling, assigning, transferring, encumbering or alienating the partnership assets of The Witchcraft Partnership, including but not limited to the 33' Fortier sport fishing boat and further that the Defendant be prohibited and restrained from removing the boat from its current dock in Nantucket, putting additional hours on the boat during the pendency of this matter or taking any other action with respect to the boat that would impair its fair market value.

2. That the court issue a summons and order of notice for a hearing on whether a preliminary injunction should issue prohibiting and restraining the Defendant from selling, assigning, transferring, encumbering or alienating the partnership assets of The Witchcraft Partnership, including but not limited to the 33' Fortier sport fishing boat; and further that the Defendant be prohibited and restrained from removing the boat from its current dock in Nantucket, putting additional hours on the boat during the pendency of this matter or taking any other action with respect to the boat that would impair its fair market value.

3. That the court grant specific performance of the partnership agreement for The Witchcraft Partnership, including ordering the Defendant to comply with the Arbitration provision of that agreement.

4. That the Defendant be required to make an accounting to the Plaintiff for the partnership assets.

AND FOR SUCH OTHER RELIEF AS THE COURT DEEMS APPROPRIATE.

THIS COMPLAINT IS PERSONALLY SIGNED BY THE PLAINTIFF UNDER THE PAINS AND PENALTIES OF PERJURY AND IS TRUE AND ACCURATE TO THE BEST KNOWLEDGE AND INFORMATION OF THE PLAINTIFF.

Dated: August 12, 2004

*Sharron Wendy Valliere*
SHARRON WENDY VALLIERE

*Appearing for the Plaintiff*
Carol A. Witt, Esq., BBO# 531820
125 Washington Street, Suite 201
Salem, MA  01970
Tel. 978-740-9900/Fax 978-740-9901

*EXHIBIT B*

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT
PROBATE AND FAMILY COURT DEPARTMENT

Nantucket, ss.

No. 04E 0002-GC

SHARON WENDY VALLIERE, Plaintiff

vs

WILLIAM T. ROWE, Defendant

ORDER

After hearing on the Plaintiff's Motion for a Temporary Restraining, at which Defendant's counsel was present, it is hereby ordered that:

1. The Defendant is prohibited and restrained from selling, assigning, transferring, encumbering or alienating the partnership assets of The Witchcraft Partnership, including but not limited to the 33' Fortier sport fishing boat.

2. The Defendant shall continue to maintain his current insurance on said boat and provide the Plaintiff, in 7 days, with verification that the insurance policy is in full force and effect.

3. The Defendant shall continue to be responsible for all expenses of the boat and shall place the boat into storage no later than November 1, 2004.

Date: August 19, 2004

Randy Kaplan
Associate Justice