# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MASSACHUSETTS

**CIVIL ACTION #04 11917 WGY**

WILLIAM ROWE,

      PLAINTIFF

v.

SHARRON WENDY VALLIERE,

      DEFENDANT

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COMPLAINT

Pursuant to 28 U.S.C. § 1332 (2004), the Federal Court has limited subject matter jurisdiction and a two-prong test must be met to assert federal jurisdiction over a case raising only state law claims. First, the burden of proof of diversity of citizenship must be met and, second, the amount in controversy must exceed $75,000 in amount or value. See Radlo v. Rhone-Poulenc, 241 F.Supp. 2d 61 (D.Mass. 2002).

The Plaintiff in this action resides at 110 Orange Street, Nantucket, Nantucket County, Massachusetts. The Defendant in this action maintains a residence located at 8 Cynthia Avenue, Nantucket, Nantucket County, Massachusetts. Further, the Defendant is the owner and registered agent of Seldom Scene Interiors, a Limited Liability Company with a principal office listed with the Massachusetts Corporations Division as located at 35 Old South Road, Nantucket, Nantucket County, Massachusetts, which real estate is

also owned by the Defendant. The Commonwealth of Massachusetts has subject matter jurisdiction and personal jurisdiction over both parties to this action. There is no diversity of citizenship in this matter. Furthermore, the Plaintiff's allegations are based on contractual and quantum meruit claims against the Defendant that arise from their cohabitation in the Commonwealth of Massachusetts. There are no federal issues alleged.

Moreover, this federal court action was commenced nearly three weeks after a state court action by the Defendant against the Plaintiff to enforce a partnership agreement relative to a sport fishing pleasure vessel identified as the "Witchcraft". The filing of the state court action by the Defendant submitted her to the personal jurisdiction of the Massachusetts court for purposes of any counterclaims the Plaintiff in this action would have against her even if there were actual diversity. Massachusetts clearly has jurisdiction of the activities of this partnership, and any claims arising out of the parties' cohabitation, both of which were conducted in Nantucket, Nantucket County, Massachusetts. The Articles of Agreement for the Witchcraft Partnership were prepared and executed by the parties in the Commonwealth of Massachusetts, and specifically provide that Massachusetts' law will be applied. The parties purposely availed themselves of the privilege of conducting activities within the Commonwealth of Massachusetts, thus invoking the benefits and protections of its laws. See Hanson and Denckla, 357 U.S. 235, 253 (1958). The Commonwealth of Massachusetts has jurisdiction over all the issues in raised in the Plaintiff's complaint, and there is an adequate remedy under state law, except as to the claims for palimony and equitable

distribution of property arising from a cohabitation relationship which have no legal basis whatsoever.

All claims in the case at bar arise from transactions in the Commonwealth of Massachusetts. Federal courts have been reluctant to interfere in matters where relief can be sought under state law. Markham v. Allen, 326 U.S. 490, 494 (1946); DiTinno v. DiTinno, 554 F.Supp. 996 (D.Mass. 1983).

Dated: September 22, 2004

Respectfully submitted.
SHARRON WENDY VALLIERE,
By her Attorney,

Carol A. Witt/Attorney for Defendant
125 Washington Street, Suite 201
Salem, Massachusetts 01970
BBO# 531820
Phone: 978-740-9900/Fax: 978-740-9901

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for the Plaintiff by mail, postage prepaid, on September 22, 2004.

Carol A. Witt