# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MASSACHUSETTS

CIVIL ACTION #04 11917 WGY

WILLIAM ROWE,

            PLAINTIFF

v.

SHARRON WENDY VALLIERE,

            DEFENDANT

## SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COMPLAINT

On September 27, 2004, the Nantucket Probate & Family Court entered an order attached hereto as **Exhibit A**, which is dispositive on the issue raised in the Defendant's Motion to Dismiss in that it confirms that both parties are subject to the jurisdiction of the state court.

The order, which also transfers the action to the Superior Court, states that the Defendant herein filed a complaint in equity in the Probate & Family Court, Nantucket Division on August 12, 2004, prior to the filing of this Federal action. It goes on to say *"This court has proper jurisdiction over the Defendant, and there is no reason why the Plaintiff cannot choose to pursue this matter in a Massachusetts state court. Curiously, however on September 9, 2004, Defendant filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction apparently relying only on the fact that he had 'initiated a counter-suit' in the Federal District Court for the Eastern District of Massachusetts..."*

The Court goes on to observe that the Plaintiff in this action *"wants me to dismiss this Plaintiff's (Ms. Valliere's) complaint because he would prefer to litigate the matter as a Plaintiff in the federal court. Unfortunately, this is not an accepted grounds for dismissal."*

The Massachusetts state court has determined that it has jurisdiction over these parties and the subject matter as it relates to both the original complaint of Ms. Valliere and those raised by Mr. Rowe in this action. In addition, by removing this action from the Probate & Family Court to the Superior Court, the Plaintiff in this action will receive the trial by jury that he seeks and is free to file a counterclaim making any of the allegations that are contained in his complaint in this court.

The Defendant herein submits that the state court order confirms her contention that the Plaintiff filed this action based upon the false claim that there was diversity of citizenship where none existed, and with the full knowledge that the filing of the prior action in the state court made it the appropriate forum for his claims, and for the purpose of harassing Ms. Valliere and causing her considerable added expense.

The Defendant renews her request for dismissal and costs, and believes that this represents an abuse by the Plaintiff that warrants Rule 11 sanctions, as will be addressed by appropriate motion consistent with the rules.

Dated: October 1, 2004

Respectfully submitted.
SHARRON WENDY VALLIERE,
By her Attorney,

_____
Carol A. Witt/Attorney for Defendant
125 Washington Street, Suite 201
Salem, Massachusetts 01970
BBO# 531820
Phone: 978-740-9900/Fax: 978-740-9901

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for the Plaintiff by mail, postage prepaid, on October 1, 2004.

_____
Carol A. Witt

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT
PROBATE AND FAMILY COURT DEPARTMENT

Nantucket Division

Docket Number: 04E 0002 GC

> Sharron Wendy Valliere, Plaintiff
> v.
> William T. Rowe, Defendant

**ORDER**
(On Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction)

After review the Court enters the following orders:

1) Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction is DENIED.

2) Pending instructions from the Chief Administrative Justice for the Trial Court, Plaintiff's complaint is transferred to the Superior Court.

**RATIONALE**

Plaintiff cohabited with Defendant for ten years, living in Stowe, Vermont, and Nantucket, Massachusetts. Towards the end of their relationship they arranged to have a fishing yacht constructed. The yacht was to cost over $300,000.00, which the parties were going to split evenly. Plaintiff covered her share with cash. Defendant secured a mortgage. However, in order to attach the mortgage to the boat, it had to be in the names of all the owners. Plaintiff did not wish to subject herself to the mortgage, so she agreed not to put her name on the yacht's title. In the alternative, the parties drafted a partnership agreement, which they intended to secure Plaintiff's rights to the boat without subjecting her to the mortgage.

A year and a half after the boat was delivered, the couple split up. The Defendant has since kept the boat and allegedly refused to dissolve the partnership. Since the separation Defendant has transferred his interest in the Stowe property to Plaintiff and has resided solely in Nantucket, where he owns a woodworking business. Plaintiff has split her time between her properties in Stowe and Nantucket, and has continued to maintain an interior decorating business in Nantucket.

On August 12, 2004, Plaintiff filed this complaint in equity with the Probate and Family Court, Nantucket Division. This court has proper jurisdiction over the Defendant, and there is no reason why the Plaintiff cannot choose to pursue this matter in a Massachusetts state court. Curiously, however, on September 9, 2004, Defendant filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction, apparently relying only on the fact that he had "initiated a counter-suit" in the

Federal District Court for the Eastern District of Massachusetts that "includes common law counts for Breach of Contract."[1]

Defendant argues that this court "does not have original jurisdiction over claims of Breach of Contract" and therefore is the improper forum for his claim. "Furthermore," he argues, this court "does not provide for a right to a trial by jury, which the Defendant demands." Construing this motion as plainly as possible, it appears the Defendant wants me to dismiss this Plaintiff's complaint because Defendant would prefer to litigate the matter as a Plaintiff in federal court. Unfortunately this is not an accepted grounds for dismissal. However, Defendant is correct on one point: this case is outside this court's jurisdiction.

Plaintiff's complaint imperfectly alleges three counts: "Specific Performance," "Breach of Fiduciary Duty," and "Constructive Trust." Specific Performance and Constructive Trusts are remedies, not causes of action. Both of these remedies are very familiar in the Probate Court, but they are not exclusive to it. See e.g. G. L. c. 214 § 1. Simply because this case involves a domestic landscape does not mean that this court is proper for the cause of action. Indeed there is no allegation that the partnership agreement had anything to do with the terms of the parties' relationship.

It is a fundamental rule that "[r]elief is based on the allegations of a bill, and not on its prayers." Glick v. Greenleaf, 383 Mass. 290, 294 (1981) (quoting Commonwealth v. DeCotis, 366 Mass. 234, 246 (1974)). Looking past the complaint's headings, it is clear that Plaintiff's case turns on the partnership agreement: if it is enforceable, if it was breached, whether or not it created a fiduciary duty. This is outside of the Probate Court's speciality, and is not under its jurisdiction. See Konstantopoulos v. Whately, 384 Mass. 123, 127 (1981); Glick, 383 Mass. at 295.

Under such circumstances, the Supreme Judicial Court instructs me not to dismiss the case, but rather to "ask the Chief Administrative Justice to transfer the case, or the judge, or both, to the appropriate department of the Trial Court." Konstantopoulos, 384 Mass. at 129 (relying on G. L. c. 211B § 9 and G. L. c. 211 § 4A). As the Defendant seeks a trial by jury, this judge anticipates that the case will be transferred to the Superior Court.

I find that the Plaintiff filed her complaint in the wrong department of the Massachusetts Trial Court. Consequently, I will seek to transfer the case to the appropriate department immediately.

September 27, 2004

*Angela M. Ordoñez*
Angela M. Ordoñez
Judge of the Probate and Family Court

---

[1] The plaintiff in this action plans to seek dismissal of the federal case.