UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

C.A. No.: #04 11917 WGY

| | |
|---|---|
| William Rowe Plaintiff, | ) ) ) |
| v. | ) ) |
| Sharron Wendy Valliere Defendant. | ) ) ) ) |

## PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND FOR SANCTIONS.

Now Comes the Plaintiff in the above-captioned action and respectfully requests that the Defendant's Motion to Dismiss be denied. In support thereof, the Plaintiff states the following:

1. This case involves a dispute over certain pieces of real and personal property located in both Massachusetts and Vermont.

2. The parties in this matter had a 12-year intimate relationship during which time they cohabitated and entered into several joint enterprises but never married.

3. Included in these joint enterprises was the purchase and remodeling of real estate in Nantucket, Massachusetts and Stowe, Vermont and the purchase of a 33' custom Fortier Fishing Boat, known as the Witchcraft.

4. The Defendant is an interior decorator and the Plaintiff is a woodcarver and craftsman.

5. The Defendant was the interior decorator for Dennis Kozlowski, of Tyco fame, and after the Tyco scandal broke, the Defendant's business on Nantucket dropped off precipitously, prompting her to move to Stowe, Vermont.

6. On or about April 2003 the parties ended their relationship and the Defendant remained in Stowe, Vermont, while the Plaintiff returned to Nantucket.

7. In the spring of 2004 the Defendant approached the Plaintiff and asked for a return of her investment in the Witchcraft.

8. The Plaintiff declined the Defendant's request because the Defendant had previously agreed that the Defendant could have the Witchcraft in exchange for the Plaintiff relinquishing his interest in a piece of real property in Stowe, Vermont. The Plaintiff did in fact release his interest in said piece of real estate in April 2003.

9. Since April 2003 the Plaintiff has been responsible for the cost and maintenance of the Witchcraft and for its upkeep. Plaintiff has had the exclusive use of the Witchcraft since that time as well.

10. Based on the Plaintiff's refusal to pay the Defendant one-half of the value of the Witchcraft, the Defendant filed a verified complaint in equity in Nantucket Probate Court[1] on August 12, 2004, which sought among other things, specific performance of a partnership agreement relating to the Witchcraft.

11. The Defendant also filed ex-parte motions for temporary restraining orders in an attempt to restrain the Plaintiff from further use of the vessel until such time as it was sold. The Defendant's request for a temporary injunction was denied on August 19, 2004, as was a duplicative motion filed by the Defendant and heard on September 17, 2004.

12. Realizing that Probate Court was not the proper forum for this type of dispute, the Plaintiff filed his own Complaint in this Court to preserve his rights and then filed a Motion to Dismiss in Nantucket Probate Court. The Motion to Dismiss was also heard on September 17, 2004.

13. On September 27, 2004, the Nantucket Probate Court dismissed the Defendant's Complaint from Probate Court stating that the Complaint was filed in the improper forum and was not a Probate Court Matter. The case was then referred for reassignment.

14. The Defendant now brings this present motion seeking to dismiss the Plaintiff's Complaint for lack of subject matter jurisdiction.

15. In support thereof, the Defendant suggests that there is not diversity amongst the parties.

16. However, in the Defendant's original Verified Complaint filed in Nantucket Probate Court, the very first averment she makes is that **"The Plaintiff, Sharron**

---

[1] Counsel for the Plaintiff believes that Counsel for the Defendant, Carol Witt, Esq., chose Probate Court as a forum because it is the forum which she feels is most friendly to her. Her practice is largely devoted to matters of family law and her letter head identifies her as a **"Fellow American Academy of Matrimonial Lawyers"**

2

**Wendy Valliere resides at 237 Maple Street, Stowe, Vermont."[2] (Emphasis Added)**(Tab A, para 1.)

17. Given its plain meaning, the Defendant's statement clearly indicates that the Defendant does not reside in the Commonwealth of Massachusetts.

18. It is also known that the plaintiff, William Rowe, resides at 110 Orange Street, Nantucket, Massachusetts and this fact is not in dispute.

19. Therefore, there is a diversity of citizenship between the parties.

20. Pursuant to 28 U.S.C. § 1332, subject matter jurisdiction is met where there is diversity of citizenship between the parties and the matter in controversy exceeds $75,000.00.

21. The Defendant does not argue that the monetary prerequisite has not been met, therefore, diversity of citizenship of the parties is the only matter to be considered.

22. Based on the Plaintiff's own statements in her Verified Complaint and accompanying affidavit, diversity of citizenship is present between the parties.

23. The Defendant has now submitted an affidavit to this Honorable Court in which she states under oath that she considers Massachusetts her principle domicile.

24. This statement must be looked at with a great degree of skepticism by this Court as the Defendant lists her residence as Stowe, Vermont in her verified complaint and affidavit filed in Nantucket.

25. In further support of her Motion to Dismiss, the Defendant states that she owns a business in Massachusetts. However, the business is not a party to this lawsuit.

26. The Defendant then states in her Memorandum of Law that the Commonwealth of Massachusetts has jurisdiction over both of these parties. This statement has no bearing on subject matter jurisdiction and only goes to the personal jurisdiction the Court has over the parties. Counsel for the Defendant has confused the concepts of personal jurisdiction with those of subject matter jurisdiction. In fact, the Defendant's entire Memorandum of Law is an argument in support of personal jurisdiction.

27. Defendant's Motion to Dismiss was filed with this Court on September 22, 2004, five days before the Nantucket Probate Court had dismissed her case. The Defendant's Motion to Dimiss was clearly an attempt to avoid jurisdiction of this

---

[2] The Plaintiff then reiterates this statement under oath in an affidavit filed in Nantucket Probate Court (Tab B, para 1.)

Court at a time when the Defendant felt the Nantucket Probate Court may retain jurisdiction of the matter.

28. Counsel for the Defendant was so desperate to retain jurisdiction in Probate Court that following the September 17, 2004 oral argument, she sent an ex-parte correspondence to the Court instructing the Court to deny the Motion to Dismiss Plaintiff had filed in Probate Court because she had filed a motion to dismiss in this court. (Tab C, letter from Carol Witt to Nantucket Probate Court)

29. Following her highly improper actions in Probate Court, Counsel for the Plaintiff now has the gall to request sanctions against Plaintiff's Counsel for filing this current action in this court, which is a proper forum. Her request for sanctions is made all the more ludicrous given the fact that she has allowed her client to file what is clearly a false affidavit with this Court.

Wherefore, the Plaintiff respectfully requests that Defendant's Motion to Dismiss be denied.

Respectfully Submitted
By his attorneys,

*[signature]*
Paul A. Gargano
BBO# 185560
Sean M. Beagan
BBO# 644929
Gargano & Associates
4 Canal Park
Cambridge, MA 02141

10/1/04