

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MASSACHUSETTS

CIVIL ACTION #04 11917 WGY

| | |
|---|---|
| WILLIAM ROWE,<br>          PLAINTIFF<br><br>v.<br><br>SHARRON WENDY VALLIERE,<br>          DEFENDANT | |

## BRIEF IN RESPONSE TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

### INTRODUCTION

Defendant Sharron Wendy Valliere ("Defendant" or "Ms. Valliere") respectfully submits the following brief in response to Plaintiff William Rowe's ("Plaintiff" or "Mr. Rowe") Opposition to Defendant's Motion to Dismiss Complaint filed on October 1, 2004.

### PROCEDURAL HISTORY

**August 12, 2004**: Wendy Valliere, the Defendant in the above-entitled matter, filed a *Verified Complaint in Equity* with the Nantucket Probate & Family Court seeking specific performance of a partnership agreement dated June 21, 2002, executed between her and William Rowe, the Plaintiff.

**August 12, 2004**: Service was made in hand on Mr. Rowe.

**September 2, 2004**: Plaintiff filed this Complaint claiming federal jurisdiction based on diversity of citizenship, and alleging an amount in dispute in excess of $100,000.

**September 9, 2004**: Plaintiff filed a Motion to Dismiss Ms. Valliere's previously filed Massachusetts state court action, based on lack of subject matter jurisdiction.

**September 22, 2004**: Defendant filed a *Motion to Dismiss Plaintiff's Complaint and for Costs* of this federal action based on the previously-filed state court action and her good faith belief that Federal Court does not have subject matter jurisdiction.

**September 27, 2004**: Judge Ordonez of the Nantucket Probate and Family Court entered an order <u>denying</u> Mr. Rowe's *Motion to Dismiss for Lack of Subject Matter Jurisdiction* filed in the state court, and transferred Ms. Valliere's complaint to the Superior Court. The court determined that though Valliere's complaint was originally filed in the wrong division of the trial court, Massachusetts state court does have proper jurisdiction over Rowe and the subject matter underlying the causes of action, and Valliere has the right to pursue this case in Massachusetts state court.[1] In her findings, Judge Ordonez stated, "Curiously, however, on September 9, 2004, defendant (Rowe) filed a *Motion to Dismiss for Lack of Subject Matter Jurisdiction*, apparently relying only on the fact that he had 'initiated a countersuit' in the Federal District Court for the Eastern District of Massachusetts that 'includes common law counts for Breach of

---

[1] The Plaintiff in this action raised jury issues in his motion to dismiss which could not be adjudicated in the probate court. The relief sought by Ms. Valliere was equitable, and she had the right to file in the Probate Court or Superior Court as there is concurrent equity jurisdiction in both divisions of the trial court.

Contract'." The Judge goes on to say, "Construing this motion as plainly as possible, it appears the defendant (Rowe) wants me to dismiss this plaintiff's (Valliere) complaint because Defendant (Rowe) would prefer to litigate the matter as a plaintiff in federal court. Unfortunately this is not accepted grounds for dismissal."

**October 1, 2004**: Four days after the state court order <u>denied</u> his motion to dismiss the state action, the Plaintiff (Rowe) filed an *Opposition to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Sanctions* in Federal Court.

## ARGUMENT

## I. WHETHER THE PLAINTIFF HAS MET THE TWO-PRONG TEST REQUIRED TO ESTABLISH FEDERAL JURISDICTION OVER A CASE RAISING ONLY STATE LAW CLAIMS.

When a jurisdictional allegation is challenged, the person seeking federal jurisdiction has the burden of proof to show that subject matter jurisdiction exists. See <u>Radlo v. Rhone-Poulenc</u>, 241 F.Supp. 2d 61, 63 (D.Mass. 2002). Defendant asserts that the Plaintiff has failed to meet his burden under 28 U.S.C.S. § 1332 (2004), to establish either of the two prongs needed to assert subject matter jurisdiction in the Federal Court—complete diversity of the parties and an amount in controversy in excess of $75,000.

## A. THE PLAINTIFF HAS NOT MET HIS BURDEN OF SHOWING THAT DIVERSITY OF CITIZENSHIP EXISTS.

The Massachusetts Supreme Judicial Court addressed the issue of domicile in Caffyn v. Caffyn, 441 Mass. 487; 806 N.E.2d 415 (2004), citing to Fiorentino v. Probate Court, 365 Mass. 13, 22; 310 N.E.2d 112, 119, where the judge determined that "Whether a person has established a domicil in a state is a question of fact for the trial judge." Among the objective indicators of domicile cited by the court were whether a person had a Massachusetts driver's license and automobile registration, employment in Massachusetts and "whether there is evidence of abandonment of previous domicile." Caffyn, 441 Mass. at 492; 806 N.E.2d at 420.

For the reasons set forth in her brief and supporting affidavits, the Defendant relies on the fact that she has not abandoned her domicile in Massachusetts to defeat the first prong of diversity of citizenship. The Plaintiff in his opposition asserts that the use of a Vermont residence address by the Defendant in pleadings in the state court establishes that there is diversity jurisdiction and impugns the Plaintiff's credibility in claiming that she considers Massachusetts her domicile and that she is a citizen of Massachusetts for diversity purposes.

Domicile was not a factor at the time the Defendant filed her state court action. When the Plaintiff made her Vermont residence the basis for diversity of citizenship in this litigation, the Defendant properly raised the issue of domicile. This was done to inform rather than mislead either the court or the Plaintiff.

Although the Defendant has residences in Massachusetts and Vermont, her Affidavits cite specific documentary evidence that supports her contention that she is a citizen of Massachusetts. This is further supported by the Defendant's choice of the Massachusetts state court as the jurisdiction within which she filed her complaint against the Plaintiff that predates this action. The burden of proof is on the Plaintiff to show that diversity of citizenship exists, and his attack on the Defendant's credibility is not sufficient to overcome the Plaintiff's documentary evidence and her intention as it relates to making Massachusetts her domicile.

The Defendant has a valid Massachusetts driver's license and auto registrations, pays Massachusetts excise taxes for her vehicles, pays state withholding taxes and files Massachusetts Resident state tax returns, pays bills from a Massachusetts personal bank account, leases a personal residence in Massachusetts, owns real estate at 35 Old South Road, Nantucket, Nantucket County, Massachusetts, and is the owner and registered agent of a Massachusetts corporation. Therefore, the Defendant meets the standards set out in Caffyn as indicative of domicile.

### B. THE PLAINTIFF HAS NOT PROVED COMPLETE DIVERSITY OF THE PARTIES.

The Plaintiff states in his Opposition to the Motion to Dismiss that the Defendant's Massachusetts corporation is not a party to this action. However, the Plaintiff was an employee of the Defendant's corporation and received substantial payments for services he rendered to the Defendant and her clients. The Defendant

denies that the Plaintiff performed any services for her on her real estate, as alleged in his quantum meruit claim. However, given that work was done for the corporation, there is a possibility that the corporation may need to be added as a party to fully litigate the controversy between the parties. Jurisdiction of the federal court would be destroyed by the joinder of the Massachusetts corporation. The Plaintiff has failed to prove complete diversity of the parties in this case, thus jurisdiction remains with the state court.

Faced with that possibility, the Court should invoke Fed.R.Civ.P. 12(h)(3) which provides "Whenever it appears by suggestion of a party or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

## C. THE PLAINTIFF HAS NOT MET HIS BURDEN OF PROVING A REASONABLE LIKELIHOOD OF RECOVERING DAMAGES IN EXCESS OF $75,000

The second prong of federal jurisdiction requires a reasonable likelihood of recovery of damages greater than $75,000. The Defendant viewed the diversity issue as dispositive for purposes of her *Motion to Dismiss*, but contrary to the allegation in the Plaintiff's Opposition, that does not relieve his burden to show the likelihood his damages exceed the $100,000 stated generally in the *Complaint*. As determined in Radlo at 63-64, "In addition to being consistent with the rule applicable to original complaints, applying the 'legal certainty' standard in removal cases would also be consistent with other principles generally invoked with respect to jurisdictional issues."

The Court of Appeals remanded the diversity case of the <u>Department of Recreation and Sports of Puerto Rico v. World Boxing Association</u>, 942 F.2d 84 (1st Cir. 1991) to the U.S. District Court with instructions to dismiss for want of jurisdiction. The court cited to <u>Gibbs v. Buck</u>, 307 U.S. 66, 72; 59 S. Ct. 725 (1939) and held that, "Unless challenged by the opposing party or the court, a plaintiff's general allegation that the dispute exceeds the jurisdictional minimum is sufficient to support jurisdiction. Once challenged, however, the party seeking to invoke jurisdiction has the burden of alleging with sufficient particularity facts indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount."

The Plaintiff's claims do not allege specific monetary damages, just a general allegation that the amount in controversy exceeds $100,000. On the quantum meruit claim, the Plaintiff states he "performed substantial work and expended monies in the maintenance and enhancement of the properties located at 48 Hummock Road, Nantucket; 24 York Street, Nantucket, and 978 Stowe Hollow Road." The specific work, value of the work, or the money he claims he invested is not stated. The Plaintiff has not submitted an affidavit evidencing with a "legal certainty" the reasonable likelihood that he will recover monetary damages in excess of the $75,000 threshold required to meet the second prong of federal subject matter jurisdiction.

On the counts for fraud and breach of contract the Plaintiff alleges a verbal contract in which the Defendant waived her rights to the boat, "Witchcraft". Implicit in

the allegation that she agreed to waive her rights in the boat, **title to which stands in the Plaintiff's individual name**, is the acknowledgement that Defendant has a legal interest. The Defendant alleges that the boat is the main asset of "The Witchcraft Partnership", and specific performance of the partnership agreement is the basis for her *Verified Complaint in Equity* that is currently being transferred to the Superior Court of Massachusetts. Even if the Plaintiff prevails on his fraud and contract claims, which is doubtful, he retains the boat that is in his individual name, but no payment of damages would be required. Massachusetts does not recognize punitive damages for these causes of action. The Massachusetts court has already determined that the Defendant has the right to litigate her claims under the partnership agreement in that jurisdiction, and the Plaintiff can't rely on her potential damages against him in state court to establish subject matter jurisdiction in this Court.

The Plaintiff seeks an equitable division of assets based on the parties' personal relationship and cohabitation. The parties' cohabitation occurred in Massachusetts, with the Vermont residence maintained as a vacation home, and Massachusetts state law would govern. However, neither Massachusetts nor Vermont laws recognize "palimony" or common law relationships as a legal basis for recovering a division of the parties' assets. In Wilcox v. Trautz, 427 Mass. 326; 693 N.E.2d 141 (1998), the Supreme Judicial Court addressed the advisability of written cohabitation contracts to protect rights between unmarried parties because "it may be especially important in a jurisdiction like Massachusetts where we do not recognize common law marriage…and reject equitable remedies that might have the effect of dividing property between unmarried parties".

Likewise, the Supreme Court of Vermont stated in <u>Stahl v. Stahl</u>, 136 Vt. 90; 385 A.2d 1091 (1978), "Vermont does not recognize the common law marriage concept…" and the court denied the former husband's termination of alimony payments based on her cohabitation with another man. There is no written cohabitation agreement; therefore, no monetary damages can be assigned to palimony/equitable division of assets count.

## II. FEDERAL COURTS HAVE BEEN RELUCTANT TO INTERFERE IN MATTERS WHERE RELIEF CAN BE SOUGHT UNDER STATE LAW.

The choice of forum of the party initiating an action usually controls. "The Plaintiff is the 'master of his complaint'." <u>Radlo v. Rhone-Poulenc</u>, 241 F.Supp. 2d 61, 64 (D.Mass. 2002). Defendant Valliere initiated the original complaint in state court. Rather than request removal to federal court, Plaintiff Rowe initiated this countersuit in Federal Court. The grant of personal jurisdiction to the federal court in diversity cases is grounded on the premise of the right of a person to due process and equal protection under the Fourteenth Amendment. The Plaintiff in this case has not raised any due process or equal protection arguments, and the Defendant has asserted her rights to the benefits and protection under Massachusetts's law where she is domiciled. In the transactions from which the cross-complaints arise, "the parties have purposely availed themselves of the privilege of conducting activities within the Commonwealth of Massachusetts, thus invoking the benefits and protections of its laws." <u>Hanson and Denckla</u>, 357 U.S. 235, 253 (1958). See also <u>Good Hope Industries v. Ryder Scott</u>, 378 Mass. 1, 5-6; 389 N.E.2d 76, 79-80 (1979).

Historically, a state court's right to adjudicate purely state issues pre-empts federal interest. A long-standing precedent was stated in Harkrader v. Wadley, 172 U.S. 148, 160; 19 S. Ct. 119, 123 (1898) when the Supreme Court of the United States decided that, "When a state court and a court of the United States may each take jurisdiction of a matter, the tribunal where jurisdiction first attaches holds it, to the exclusion of the other, until its duty is fully performed and the jurisdiction involved is exhausted; and this rule applies alike in both civil and criminal cases." Since this decision, the *Younger* and the *Huffman* doctrines have evolved. The basic premise behind these two rules is that for a federal court to retain an action that falls under the jurisdiction of state law would contravene the well-established principles of federalism and courtesy that protect the sovereignty of the state courts from interference by the federal courts, unless the issues raised cannot be adjudicated in state court without violation of a party's constitutional rights.

In DiTinno v. DiTinno, 554 F.Supp. 996, 998-1001 (D.Mass. 1983), the plaintiff removed the case to federal court and the defendant filed a motion to dismiss the federal court case for lack of subject matter jurisdiction. The plaintiffs filed opposition to that motion and asked the federal court to stay proceedings in state probate court. The federal judge determined that federal jurisdiction based on diversity was established but also recognized that the issues should not be litigated in two separate courts. "The fact that this federal action might proceed without directly interfering with the state probate proceedings permits this court to exercise jurisdiction, but it does not require it." The court abstained from asserting jurisdiction and allowed the probate action to proceed where (1) there are no cases construing disbursement under statute upon which plaintiff's

claim was based and (2) there is a state probate court action pending in which the questions here at issue will be adjudicated. The DiTinno court cited to Markham v. Allen, 326 U.S. 490; 66 S. Ct. 296 (1946), which held that "Federal courts exercise jurisdiction over appropriate related claims so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in custody of the state court." Id at 494, 66 S. Ct. 298.

DiTinno is particularly applicable to this set of facts as there are no state cases supporting the Plaintiff's palimony/equitable division of assets claim. Therefore, the Plaintiff is either bringing a frivolous claim for an improper purpose or must show a good faith argument for the extension or reversal of a state law which is outside the jurisdiction of this Court, which can only apply state law. In either case, this filing in Federal Court is a violation of Rule 11.

As stated in Erie Railroad Co. v. Tompkins, 304 U.S. 64; 58 S. Ct. 817 (1938), "Except in matters governed by the Federal Constitution or by Acts of Congress, the law to be applied in any case is the law of the State." Id at 78, 58 S. Ct. 822. The Massachusetts trial court already has a vested interest in this case. Several hearings have been conducted between the parties, and an order prohibiting and restraining Plaintiff Rowe "from selling, assigning, transferring, encumbering or alienating the partnership assets of *The Witchcraft Partnership*, including but not limited to the 33' sport fishing vessel", and requiring the boat to be put in storage by November 1, 2004 is currently in

effect.[2] The boat is at issue in two out of three counts in the Plaintiff's complaint, and interference by the Federal Court would affect state proceedings already underway.

## CONCLUSION

The Plaintiff has failed to meet his burden of showing subject matter jurisdiction, and even if there were subject matter jurisdiction, this case should proceed in the state court because of the prior state action and the deference to be given to the state's right to adjudicate the issues raised by the Plaintiff's Complaint. All claims in the case at bar arise from transactions in the Commonwealth of Massachusetts. No federal law or constitutional issues have been raised by the Plaintiff. The Massachusetts state court has personal jurisdiction of both parties and has claimed subject matter jurisdiction over the causes of action raised in the both the complaint and the countersuit currently in this court. Judge Ordonez acknowledged the existence of the federal court action and denied the Plaintiff's Motion to Dismiss the state court action.[3] The state court has found no reason why Defendant Valliere cannot proceed with her state court action.

Despite the unambiguous language of the state court order as supported by the judge's rationale, the Plaintiff has persisted in his effort to confer jurisdiction on the Federal Court rather than pursuing remedies which are readily available to him in the state court. The Plaintiff had an opportunity to voluntarily dismiss this action and file counterclaims in the state court. Instead, he filed an opposition, misrepresented the

---

[2] *Defendant's Motion to Dismiss Plaintiff's Complaint and for Costs*, Exhibit B, Order of the Nantucket Probate & Family Court Department, August 19, 2004.
[3] The Plaintiff has repeatedly stated in his pleadings that the complaint was dismissed, when it was transferred to another court department, and his motion to dismiss DENIED.

Page 12 of 13

actions taken by the state court, and accused the Defendant of improper conduct.[4] The filing in Federal Court has caused significant expense to the Defendant, and has been brought for an improper purpose.

For the reasons stated above, the Defendant requests that her *Motion to Dismiss* be allowed and that she be reimbursed for the substantial costs incurred in defending against this action.

Dated: 10/21/04

Respectfully submitted.
SHARRON WENDY VALLIERE,
By her Attorney,

Carol A. Witt/Attorney for Defendant
125 Washington Street, Suite 201
Salem, Massachusetts 01970
BBO# 531820
Phone: 978-740-9900/Fax: 978-740-9901

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney(s) of record for the Plaintiff by mail, postage prepaid, on October 21, 2004.

Carol A. Witt

---

[4] The Plaintiff's allegation that Defendant's counsel had an improper ex parte communication with the state court judge is false. The letter in question was sent to the Probate Court Register, with a copy to the Plaintiff's counsel, along with copies of the Motion to Dismiss this action which Defendant's counsel had referenced in her argument to the court. The communication was neither ex parte nor improper.