# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MASSACHUSETTS

CIVIL ACTION #04 11917 WGY

WILLIAM ROWE,
        PLAINTIFF

v.

SHARRON WENDY VALLIERE,
        DEFENDANT

## MEMORANDUM IN SUPPORT OF MOTION
## FOR SANCTIONS UNDER RULE 11

On September 2, 2004, Paul A. Gargano, Esquire, and Sean M. Beagan, Esquire, of the law firm of Gargano and Associates instituted an action in this court on behalf of William Rowe (Plaintiff Rowe) against Sharron Wendy Valliere (Defendant Valliere) under 28 U.S.C. § 1332 in an attempt to confer jurisdiction to the federal court over causes of action already pending in state court between these parties.

In order to deter baseless filings in District Court, Rule 11(b) of the Federal Rules of Civil Procedure imposes a responsibility upon an attorney who signs a pleading to perform a reasonable inquiry and have an objective good faith belief of the facts of pleadings that are submitted to the court. This rule further provides that sanctions can be imposed against the party, the attorney(s), and the law firm for violation of this rule. "As the Rule 11 violation is complete when the paper is filed..." Cooter v. Hartmarx, 496 U.S. 384, 387; 110 S. Ct. 2447, 2450. (D.C. 1990).

## I. THE ATTORNEYS DID NOT CONDUCT A REASONABLE INQUIRY INTO THE FACTS PRIOR TO FILING THE COMPLAINT

**Rule 11(b):** "By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances..."

The Supreme Court upheld the district court's imposition of sanctions in Cooter at 389; 110 S. Ct. 2452 where the court had determined the "petitioner's prefiling inquiry was grossly inadequate". In Muthig v. Brant Point Nantucket, Inc., 838 F.2d 600, 605, (1st Cir.1988), the court defined the standard of reasonable inquiry required under Rule 11. "We must apply an objective test of reasonable inquiry, not considering what counsel may have actually believed."

Although on its face, the complaint filed in the probate suggests diversity based on the Defendant's address, the Plaintiff knew sufficient information, such as the Defendant's Massachusetts car registrations, her continuing residence in Nantucket and her Nantucket business, to trigger a reasonable inquiry by his attorneys as to whether diversity actually existed. Further, the Plaintiff's attorneys arranged service of the summons of the federal court complaint with the Nantucket's sheriff's office. The first attempt at service was made at the Defendant's business in Nantucket, Massachusetts, not in Vermont.

In addition, the Witchcraft Partnership Agreement, which is at the heart of this controversy, was executed in the state of Massachusetts, and the main asset of the partnership,

the Witchcraft sport fishing boat, is physically located within the commonwealth, with all of the partnership's business activities conducted within the commonwealth. Massachusetts law specifically provides for personal and subject matter jurisdiction under these circumstances regardless of whether or not a party is considered to be a citizen of the state.

The Muthig court determined that sanctions should be assessed against only the counsel because counsel should have know that the claims were not well grounded in fact where his clients' testified that the Defendant had not caused them injury. In the case at bar, however, it is obvious that the Plaintiff had sufficient knowledge of the Defendant's residency in Massachusetts, and " 'reasonable inquiry' should have lead counsel to realize that the claims were without foundation". Therefore, both Plaintiff and his counsel should be liable for sanctions.

## II. THE PLAINTIFF AND HIS ATTORNEYS HAVE BROUGHT THIS ACTION IN THE FEDERAL COURT FOR IMPROPER PURPOSE

**Rule 11(b)(1):** "an attorney…is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, that it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation"

The Plaintiff's pleadings are replete with scandalous, unjustified, and unsupported allegations that have little or nothing to do with the causes of action alleged by the Plaintiff.

References to the defendant's marital status[1], her having a business relationship with Dennis Kozlowski of "Tyco fame" and an alleged scandal that supposedly caused her to move to Vermont,[2] and a totally spurious claim that she was under indictment for mail fraud crimes[3] further supports the Defendant's allegation that an improper purpose underlies the initial complaint and subsequent opposition to her motion to dismiss, and that this action was filed solely to harass and cause her added expense in retaliation for attempting to enforce the partnership agreement which is the basis of her state court action.

### III. A PALIMONY/EQUITABLE DIVISION CLAIM IS NOT WARRANTED BY EXISTING LAW NOR A GOOD FAITH ARGUMENT FOR THE EXTENSION, MODIFICATION, OR REVERSAL OF EXISTING LAW.

**Rule 11(b)(2):** "an attorney…is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances that the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law"

In Nyer v. Wintrthur Int'l, 290 F.3d 456 (1st Cir. Mass. 2002), the Appeals Court affirmed the imposition of Rule 11 sanctions against the plaintiff's attorney where the trial court concluded that "No attorney could reasonably have believed that the facts of this case could sustain a claim" under the pertinent state laws. "This argument is simply frivolous." Id at 462. The court focused on "whether Nyer had evidentiary support for his claim and/or whether his

---

[1] *Complaint*, Page 1, Statements 3, 4, 5, and 6.
[2] *Motion in Opposition to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and For Sanctions*, Page 2, Statement 8.

accusations were 'warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law' ". Id at 461. The judge "determined that there was no basis for a 93A claim against Winterthur in light of relevant Massachusetts law, and imposed sanctions pursuant to Rule 11, along with attorneys' fees and costs". Id at 459.

Count IV of the Plaintiff's *Complaint* is a claim for palimony/equitable division of assets. Palimony is defined as a "court-ordered allowance paid by one member to the other of a couple that, although unmarried, formerly cohabited"[4].

Plaintiff's attorneys knew or should have know that federal court is required to apply Massachusetts law to the case at bar. As with the 93A claim in Nyer, there is no basis for a palimony claim under relevant Massachusetts law, nor any factual basis here to distinguish Plaintiff's case from other Massachusetts cases where the relief requested has been denied. Even assuming that Plaintiff's attorneys intended to make a good faith argument for the extension or reversal of a state law, that can only be accomplished in state court which makes this filing in federal court a violation of Rule 11.

## IV. THE PLAINTIFF AND ATTORNEYS DID NOT HAVE AN OBJECTIVE GOOD FAITH BELIEF THAT THE OPPOSITION TO THE PLAINTIFF'S MOTION TO DISMISS WAS SUPPORTED IN BOTH FACT AND LAW

**Rule 11(b)(3):** "an attorney…is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances…the allegations and other factual contentions have evidentiary support "

---

[3] *Complaint*, Page 2, Statement 18.

Rule 11 sanctions were imposed in Robinson v. Dean Witter Reynolds, 129 F.R.D. 15 (1st Cir. 1989) for filing of a Memorandum in Opposition to Motion when the court found statements made in the memorandum were wholly unsupported by existing law. The court stated that it was "also clear that the attorney would have discovered this deficiency had he made a reasonable inquiry". Id at 21.

On September 22, 2004, the Defendant filed a *Motion to Dismiss* the federal action, with an accompanying affidavit as to the Defendant's domicile. The Plaintiff and his attorneys were also served at the same time with *Defendant's Motion for Sanctions under Rule 11*, which has now been submitted by the Defendant as provided in the court rules. The procedural requirements mandated under F.R.C.P. Rule 11(c) provided a reasonable opportunity for Plaintiff's attorney to withdraw or amend the complaint. But rather than seek voluntary dismissal of the complaint/counterclaim, Plaintiff Rowe and his attorneys responded by filing a *Motion in Opposition to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and For Sanctions* with this Court on October 1, 2004, again alleging diversity of citizenship of the parties and attempting to mislead this Court regarding the status of the state court action.

Plaintiff Rowe's *Opposition to the Motion to Dismiss* states that the Defendant Valliere's *Verified Complaint in Equity* filed in probate court was dismissed[5], when in fact, Plaintiff Rowe's *Motion to Dismiss for Lack of Subject Matter Jurisdiction* in probate court was **denied**.

---

[4] Black's Law Dictionary, West Publishing Group 2002.
[5] *Plaintiff's Motion in Opposition to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Sanctions*, Page 2, Statement 13.

The *Order* of the probate court goes on to specifically state that the *Verified Complaint in Equity* is not dismissed, but rather will be transferred to the appropriate department of the state court.

The Plaintiff's Opposition also states that temporary injunctions requested by the Defendant on August 19, 2004 and September 17, 2004 in Nantucket Probate Court were denied.[6] In actuality, a temporary restraining order issued August 12, 2004 was modified on August 13, 2004 and again on August 19, 2004. The restraining order remains in effect and prohibits and restrains the Plaintiff "from selling, assigning, transferring, encumbering or alienating the partnership assets of The Witchcraft Partnership, including but not limited to the 33' sport fishing vessel", and also requires that the boat be put in storage by November 1, 2004.

Plaintiff's *Opposition* also alleges Defendant's counsel chose the state court because she felt it was the forum most favorable to her. The Defendant's claim is for equitable relief, which falls under state law. Further, Plaintiff's attorney threatened in his letter of August 4, 2004 to bring actions under state law.[7]

Plaintiff's attorney alleges that following oral arguments of September 17, 2004, Defendant's counsel sent an improper ex parte to the state court judge, instructing the judge to deny Rowe's Motion to Dismiss. The letter is attached to Plaintiff's Opposition as "Tab C".[8] This letter was sent to the Probate Court Register with a copy to the Plaintiff's counsel, along

---

[6] *Plaintiff's Motion in Opposition to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction*, Page 2, Statement 11.
[7] *Plaintiff's Motion in Opposition to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and For Sanctions*, Page 2, Footnote 1.
[8] *Plaintiff's Motion in Opposition to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Sanctions*, Page 3, Statement 28.

with copies of the Motion to Dismiss this action that Defendant's counsel had referenced in her argument to the court. The communication was neither ex parte nor improper. Further, the letter was sent on September 28, 2004, and the Order denying Rowe's Motion to Dismiss was signed on September 27, 2004.

As in Robinson, Plaintiff's attorneys did not have to inquire far to determine that the claim for federal jurisdiction was not supported in fact or law. State court jurisdiction over the parties in this complaint/countersuit was confirmed by Judge Ordonez of the Nantucket Probate and Family Court on September 27, 2004, when the judge entered an order <u>denying</u> Plaintiff Rowe's *Motion to Dismiss*, and pending instructions from the Chief Administrative Justice for the Trial Court, to transfer Defendant Valliere's complaint to the Massachusetts Superior Court. The court determined that although Defendant Valliere's complaint was originally filed in the wrong division of the trial court, Massachusetts state court does have proper jurisdiction over the parties and the actions, and is seeking to transfer the case to the appropriate department.[9] The judge further stated, "It appears the defendant (Rowe) wants me to dismiss this plaintiff's complaint because defendant (Rowe) would prefer to litigate the matter as a plaintiff in federal court. Unfortunately this is not an accepted grounds for dismissal."

The filing of the Plaintiff's *Opposition to the Motion to Dismiss* constitutes a willful and continuing violation of Rule 11. The Plaintiff has intentionally misstated the actions taken by the state court and Defendant's counsel, and ignored the objective evidence provided by the Defendant that supports her contention that there is not subject matter jurisdiction.

---

[9] The removal to the Superior Court was nessitated by the Plaintiff's demand for a jury trial on his counterclaims that were raised in his *Motion to Dismiss for Lack of Subject Matter Jurisdiction* in the state action.

Furthermore, the Defendant contends that like the plaintiff in <u>Nyer</u> who asserted a 93A claim where none reasonably existed solely to force a larger settlement, this Plaintiff filed a count in palimony for the improper purpose of intimidating the Defendant into dismissing her state court action to enforce their partnership agreement relative to the boat. Sanctions against the Plaintiff and his attorneys, including attorney's fees and costs, are appropriate under Rule 11.

Dated: October 25, 2004

Respectfully submitted.
Sharron Wendy Valliere,
By her Attorney,

*Carol A. Witt*

Carol A. Witt
Attorney for Defendant
125 Washington Street, Suite 201
Salem, Massachusetts 01970
BBO# 531820
Phone: 978-740-9900
Fax: 978-740-9901

### CERTIFICATE OF SERVICE

**The undersigned hereby certifies** that a true copy of the within Defendant's Memorandum in Support of Sanctions under Rule 11 was this day served upon Plaintiff by mailing same, first class postage prepaid, to Paul A. Gargano and Sean M. Beagan, Attorneys for Plaintiff, of Gargano and Associates, 4 Canal Park, Cambridge, Massachusetts 02141.

SIGNED under the pains and penalties of perjury.

Dated: October 25, 2004

*Carol A. Witt*

Carol A. Witt